UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

UNITED STATES OF AMERICA,          )
                                   )
    Plaintiff,                     )    Criminal No. 11-17-GFVT
                                   )
V.                                 )
                                   )
ORVILLE DEAN BELCHER and JOHN      )    **ORDER**
JOSEPH KUZNICKI,                   )
                                   )
    Defendant.                     )

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon Magistrate Judge Hanly A. Ingram's Recommended Disposition "(also knows as a "Report and Recommendation," or "R&R") [R. 40] of the Motion to Suppress [R. 23] filed by Defendant John Joseph Kuznicki. In the R&R, Judge Ingram recommends that the Court deny the motion. Kuznicki filed objections to the R&R [R. 41], and the United States filed a response [R. 47]. The Court has conducted a *de novo* review of those matters to which Kuznicki objects. *See* 28 U.S.C. 636(b)(1). For the reasons set forth below, Kuznicki's Motion to Suppress [R. 23] will be denied.[1]

**I.**

In his motion to suppress, Kuznicki argues that Deputy Raleigh Benge, a member of the Clay County Sheriff's Office, illegally stopped his vehicle, and that the statements he made and

---

[1] Defendant Orville Dean Belcher filed a motion to join in his co-defendant's motion to suppress [R. 24]. The Court will grant that motion. Additionally, Belcher filed documents in the record simply joining in the arguments made by Kuznicki in his memorandum in support of the motion to suppress and his objections to Judge Ingram's Recommended Disposition. [*See* Rs. 35 and 44.] Accordingly, the Court will only reference Kuznicki's arguments in this Order.

the evidence seized as a result of that stop must be suppressed. [R. 34 at 4; *see* R. 32 at 5 (Suppression Hearing Transcript).] Specifically, Kuznicki argues that the evidence, photographs of Kuznicki's car after it was removed from the impound lot, does not support Deputy Benge's claim that the license plate number of the car was obscured, giving him probable cause to stop the vehicle for a civil traffic violation. *See* KRS 186.170, 186.990(1). Kuznicki further argues that Deputy Benge did not know sufficient facts to give rise to a reasonable suspicion of criminal activity, which would justify a *Terry* stop of the car.

In his Recommended Disposition, Judge Ingram found that Deputy Benge had probable cause to stop the vehicle for a civil traffic infraction. Judge Ingram explained, "According to Deputy Benge's testimony, he personally observed the condition of the license plate affixed to the rear of the vehicle as it was driving at highway speeds along Highway 66. He testified that duct tape along the sides of the plate came loose causing the plate to flap such that the numbers on the plate were not visible." [R. 40 at 6.] Judge Ingram noted that he found "Deputy Benge's unrebutted testimony both credible and believable." [*Id.*]

Magistrate Judge Ingram also responded to Kuznicki's argument that photographic evidence undermines Deputy Benge's testimony. On the stand, Deputy Benge testified that the temporary license plate was attached to Kuznicki's vehicle by two screws at the top, two pieces of duct tape on the sides, and nothing on the bottom. [R. 32 at 34-35 (Suppression Hearing Transcript).] After viewing a photograph of the vehicle taken immediately upon its release from the impound lot, Deputy Benge conceded that there was a strip of duct tape on the bottom of the license plate, but he stated that he "believed" there was no duct tape along the bottom edge when he pulled the car over. [*Id.* at 35.] Judge Ingram found, however, that

> [a]lthough Deputy Benge may very well have been mistaken about the presence of duct tape along the bottom edge of the plate, the presence or absence of duct tape is not the issue here. Deputy Benge did not state that he pulled the vehicle over because the duct tape was or was not present along the bottom edge of the plate. Instead, he pulled the vehicle over because the license plate was not securely affixed to the rear of the vehicle causing the plate to flap as it drove down the road which, in turn, caused the numbers on the plate to be obscured. The Court does not find that Deputy Benge's mistaken belief about the duct tape undermines his credibility with respect to his testimony about the visibility of the numbers on the plate.

[R. 40 at 7.] Judge Ingram further found that "the pictures, which show the license plate flat along the rear of the vehicle, are not inconsistent with Deputy Benge's testimony" because the pictures were taken when the vehicle was stationary. [*Id.*] Thus they do not establish the condition of the plate if the vehicle was being driven at highway speeds. [*Id.*]

In his objections, Kuznicki complains that Judge Ingram's R&R takes at face value the testimony of Deputy Benge and disregards the clearly contrary physical evidence. Kuznicki highlights the fact that Deputy Benge's testimony that there was no duct tape on the bottom of the license plate was contradicted. He states, "It is obvious from the photo that if the plate was secured as shown it would have been physically impossible for it to have been flapping sufficiently to make the numbers illegible even when the car was moving." [R. 41 at 2.] Kuznicki contends that the only logical explanation is that Deputy Benge was untruthful.

After reviewing the parties' pleadings, the transcript of the suppression hearing, the photographs of the vehicle, the R&R, and the relevant law, the Court will overrule Kuznicki's objections. The Court agrees with Judge Ingram that Deputy Benge's testimony regarding the presence or absence of duct tape along the bottom of the license plate does not completely discredit his testimony that the plate was flapping in such as a way as to obscure its numbers on

the morning in question.² The Court notes that when the magistrate judge presiding over an evidentiary hearing credits a declarant's testimony, that credibility determination is accorded great deference. *See Anderson v. City of Bessemer*, 470 U.S. 564, 574 (1985); s*ee also Peveler v. United States*, 269 F.3d 693, 702 (6th Cir. 2001) ("We are generally reluctant to set aside credibility determinations made by the trier of fact, who has had the opportunity to view the witness on the stand and assess his demeanor."); *Moss v. Hofbauer*, 286 F.3d 851, 868 (6th Cir. 2002) ("We find no reason to substitute our judgment for the credibility determination of the magistrate judge who had the opportunity to observe Thomas's testimony and assess his demeanor on the witness stand."). Here, Judge Ingram made a specific finding that Deputy Benge was both credible and believable. The Court finds nothing in the record that merits setting that determination aside.

Additionally, the Court finds that the presence of a small piece of duct tape on each side of the temporary license plate as well as a strip of duct tape along the bottom do not make it "physically impossible" for the plate to have been flapping at highway speeds. The Court agrees with Judge Ingram that the photographs taken of the stationary vehicle say nothing about the appearance of the license plate when the vehicle was in motion.³

---

²As noted by Judge Ingram in his R&R, the United States stipulated that the photographs of the license plate were taken by Kuznicki's counsel immediately after the vehicle was removed from impound and before anyone would have had the ability to tamper with the license plate. But the United States did not stipulate that no one at the impound lot added or reapplied duct tape.

³Having concluded that Deputy Benge had probable cause to stop Kuznicki's vehicle for a civil traffic violation, Judge Ingram did not reach the issue of whether the stop was justified by a reasonable suspicion of ongoing criminal activity. [*See* R. 40 at 4-5.] This Court declines to reach that issue as well.

**II.**

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Orville Dean Belcher's motion to join Defendant John Joseph Kuznicki's motion to suppress [R. 24] is **GRANTED**;

2. The Defendants' Objections to the Magistrate Judge's Recommended Disposition [R. 41, 44] are **OVERRULED**;

3. The Magistrate Judge's Report and Recommendation [R. 40] is **ADOPTED and INCORPORATED** herein; and

4. The Motion to Suppress [R. 23] is **DENIED**.

This the 28th day of July, 2011.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge